Keith SCRUGGS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9908–CR–457.

Supreme Court of Indiana.

Oct. 31, 2000.

Hilary Bowe Oakes, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, James B. Martin, Dep-uty Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

The defendant, Keith Scruggs, was convicted of two counts of murder[1] and one count of carrying a handgun without a license[2] for the June 1, 1998, slaying of Cheron Lucas and Londa Oliver. He received a total sentence of 120 years. Concluding that his convictions were based on sufficient evidence and that his sentence was not manifestly unreasonable, we affirm.

The defendant contends that there was not sufficient evidence of probative value to prove, beyond a reasonable doubt, that he was the person who shot Lucas and Oliver. He argues that the State's witnesses were not sufficiently credible to support the convictions.

In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind.2000); *Webster v. State,* 699 N.E.2d 266, 268 (Ind. 1998); *Hodge v. State,* 688 N.E.2d 1246, 1247–48 (Ind.1997).

The following facts are favorable to the judgment. The defendant with his friend and girlfriend went to another friend's house. The defendant entered the residence which was occupied by several people. Upon recognizing one of the occupants, Lucas, as a man who had robbed him five or six months before, the defendant pulled out a revolver. One person asked the defendant if "this was a joke," to which the defendant replied, "this is no [expletive deleted] joke." Record at 225. Lucas ran into a bedroom and shut the

---

1. IND.CODE § 35–42–1–1.

2. IND.CODE § 35–47–2–1.

door. As the defendant tried to open the door, Lucas tried to hold it closed. The defendant finally forced the door open and shots were fired as he entered the bedroom. Lucas died from multiple gunshot wounds. Oliver, another occupant of the room, was killed by a single bullet wound to her head. No witnesses testified as to who fired the shots, but there was no evidence that anyone else in the bedroom had a gun other than the defendant.

The defendant argues that the inference that he was the shooter was merely speculation and conjecture and that the State's witnesses were not sufficiently credible to support the convictions. We disagree. From the evidence and its reasonable inferences, a reasonable jury could find beyond a reasonable doubt that the defendant knowingly or intentionally killed Lucas and Oliver.

 The defendant also contends his sentences of sixty years for each murder to run consecutively are manifestly unreasonable. Sentencing is normally left to the sound discretion of the trial court. *Elmore v. State*, 657 N.E.2d 1216, 1219 (Ind. 1995). Although this Court is empowered to review and revise criminal sentences, we will not do so unless the sentence is " 'manifestly unreasonable in light of the nature of the offense and the character of the offender.' " *Prowell v. State*, 687 N.E.2d 563, 568 (Ind.1997) (quoting Ind. Appellate Rule 17(B)), *cert. denied* 525 U.S. 841, 119 S.Ct. 104, 142 L.Ed.2d 83 (1998). We have emphasized that " 'the issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so.' " *Thacker v. State*, 709 N.E.2d 3, 10 (Ind. 1999) (quoting *Brown v. State*, 698 N.E.2d 779, 783–84 (Ind.1998)); *Prowell*, 687 N.E.2d at 568.

 Both the nature of the offense and the character of the offender support the enhanced, consecutive sentences in this case. In cases involving multiple killings, the imposition of consecutive sentences is appropriate. *Noojin v. State*, 730 N.E.2d 672, 679 (Ind.2000). The defendant without provocation shot two unarmed people, continuing in his course of action even after repeated pleas from his friends to stop. Also, the defendant has both a juvenile and an adult criminal record, and the defendant was on probation at the time of the killings. His sentence of 120 years is not manifestly unreasonable.[3]

We affirm the judgment of the trial court.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

SULLIVAN, J., concurs in result.

---

**3.** Included in the defendant's argument asserting manifest unreasonableness are references to provisions of the Indiana Constitution requiring penalties to be proportional to the nature of the offense and requiring the penal code to be founded on principles of reformation and not vindictive justice. Ind. Const. art. I, §§ 16, 18. Although the defendant does not present these as independent appellate claims, we find that they would be unavailing. A sentence may be found not proportional when a criminal penalty is not graduated and proportioned to the nature of an offense. *Dunlop v. State*, 724 N.E.2d 592, 597 (Ind.2000); *Conner v. State*, 626 N.E.2d 803, 806 (Ind.1993); *Hollars v. State*, 259 Ind. 229, 236, 286 N.E.2d 166, 170 (1972). Given the circumstances presented in this case, this sentence of 120 years imprisonment is not disproportional to the nature of the offenses committed. With respect to the need to seek reformation and avoid vindictive justice, we have repeatedly stated that Section 18 applies only to the penal code as a whole and not to individual sentences. *Henson v. State*, 707 N.E.2d 792, 796 (Ind.1999).