Michael FRENCH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0505–CR–265.

Court of Appeals of Indiana.

Dec. 15, 2005.

Transfer Denied Feb. 21, 2006.

Robert W. Hammerle, Hammerle & Allen, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Michael French was convicted of six counts of Criminal Confinement, as Class D felonies, following a guilty plea. The trial court sentenced French to an aggregate three-year executed term. French appeals and presents a single issue for our review, namely, whether, in light of the United States Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the trial court erred when it imposed consecutive sentences.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On February 25, 2005, French pleaded guilty to six counts of criminal confine-

ment, as Class D felonies.[1] The plea agreement left sentencing open to the trial court's discretion. Following a hearing, the trial court imposed presumptive sentences of one and one-half years on each conviction, suspended one year of the sentence on each conviction, and ordered that the sentences would run consecutively. This appeal ensued.

## DISCUSSION AND DECISION

The determination of the appropriate sentence rests within the discretion of the trial court, and we will not reverse the trial court's determination absent a showing of manifest abuse of that discretion. *Bacher v. State*, 722 N.E.2d 799, 801 (Ind.2000). In *Blakely*, the United States Supreme Court held that the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase the sentence for a crime above the presumptive sentence assigned by the legislature. *Krebs v. State*, 816 N.E.2d 469, 475 (Ind.Ct.App.2004) (citing *Blakely*, 542 U.S. at 301, 124 S.Ct. 2531).

■ French first contends that the trial court did not identify any aggravating factors to support its imposition of consecutive sentences. But the State avers that the trial court identified as aggravating the fact that French had harmed multiple victims. We agree with the State.

This court has held that the existence of multiple victims is a valid aggravator. *Altes v. State*, 822 N.E.2d 1116, 1126 (Ind. Ct.App.2005), *trans. denied*. And our review of the sentencing transcript indicates

that the trial court based its imposition of consecutive sentences on the fact that multiple victims had suffered.[2] Thus, the trial court properly imposed consecutive sentences based upon a valid aggravator.

■ French next contends that under *Blakely*, any aggravator supporting the imposition of consecutive sentences must be found by a jury. French aptly notes that our supreme court has held that the imposition of consecutive sentences does not implicate *Blakely*, and he concedes that as an intermediate appellate court we are bound by precedent. *See Smylie v. State*, 823 N.E.2d 679, 686 (Ind.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 545, 163 L.Ed.2d 459 (2005). In *Smylie*, our supreme court held in relevant part:

> The trial court's sentencing of Smylie to consecutive terms after finding an aggravating circumstance did not increase the sentence above the statutory maximum for each offense. There is no constitutional problem with consecutive sentencing so long as the trial court does not exceed the combined statutory maximums.

*Id.* (citation and footnote omitted). We decline French's invitation to reconsider this clear precedent and hold that there is no *Blakely* violation here.

Counsel for French were also counsel in *Smylie* and "petitioned the United States Supreme Court for certiorari in *Smylie* to overrule the Indiana Supreme Court and find that consecutive sentences in Indiana are implicated by the Sixth Amendment and *Blakely*." Brief of Appellant at 3. However, the United States Supreme

---

1. French, a physician, was initially charged with having committed sexual battery on six of his patients, but the State amended the charges under the terms of the plea agreement. French was accused of having "held" his patients in an inappropriate manner. Appellant's App. at 154.

2. The trial court stated: "I look at each of the victims in this case, each of the charged victims and each of the incidents as separate criminal acts and deserving of separate punishment." Transcript at 61.

Court recently denied certiorari in *Smylie,* after French had submitted his reply brief in this appeal. Thus, our supreme court's holding in *Smylie* that "there is no constitutional problem with consecutive sentencing so long as the trial court does not exceed the combined statutory maximum," remains intact. 823 N.E.2d at 686.

Further, even if *Blakely* were to apply to the imposition of consecutive sentences, we would hold that there was no violation here because French admitted to the existence of multiple victims when he entered into the plea agreement and, again, at the guilty plea hearing. *See Weis v. State,* 825 N.E.2d 896, 906 (Ind.Ct. App.2005) (noting *Blakely* not implicated where defendant admits to facts underlying aggravator). In sum, the trial court did not abuse its discretion or violate French's constitutional rights when it imposed consecutive presumptive sentences.

Affirmed.

BAKER, J., and BAILEY, J., concur.