Leonard TOWNSEND, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0604–CR–183.

Court of Appeals of Indiana.

Feb. 7, 2007.

1269

Marce Gonzalez, Jr., Thomas W. Vanes, Merrillville, IN, Attorneys for Appellant.

Steve Carter, Attorney General Of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Leonard Townsend, Jr., appeals following a jury trial in which he was convicted of murder, a felony, attempted murder, a Class A felony, and battery, a Class C felony.[1] Townsend raises two issues, which we restate as: (1) whether the trial court properly declined to find Townsend's criminal history to be a mitigating factor; and (2) whether the trial court properly ordered that Townsend's sentences be served consecutively. We conclude that the trial court did not abuse its discretion in declining to identify Townsend's criminal history as a significant mitigating circumstance or in ordering Townsend to serve the sentences consecutively. We therefore affirm Townsend's sentences, but reverse and remand with instructions to vacate Townsend's battery conviction.

### Facts and Procedural History

The facts most favorable to the judgment indicate that on October 6, 2004, Townsend arrived at a home he was renting to Jerome Anderson. Cojuan Watson, a barber, was at the residence to cut Anderson's hair. While Watson was setting up his barber's equipment, Anderson and Townsend went to a back room to talk.

---

1. The trial court entered judgment on the battery count, but "merged" the count with the attempted murder conviction. Although the trial court did not sentence Townsend for the battery count, the chronological case summary indicates that judgment was entered on that count. Although battery as a Class C felony is not inherently a lesser-included offense of murder, in this case it is factually a lesser-included offense. *See Edwards v. State,* 773 N.E.2d 360, 364 (Ind.Ct.App.2002), *trans. denied.* Therefore, it was not adequate for the trial court to "merge" the convictions; the conviction for battery must be vacated. *Payton v. State,* 818 N.E.2d 493, 497 (Ind.Ct.App. 2004), *trans. denied; see Green v. State,* 856 N.E.2d 703, 704 (Ind.2006) ("a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is 'unproblematic,'" but "a defendant's constitutional rights are violated when a court enters judgment twice for the same offense"). We reverse Townsend's conviction for battery and remand with instructions that the trial court vacate the conviction.

When they returned, Anderson sat in the chair Watson had set up for the haircut, and Townsend walked out to his truck and returned to the residence. While Watson began to cut Anderson's hair, Anderson and Townsend continued their conversation. At some point during this conversation, which apparently conveyed no hint of hostility or anger, Townsend stood up and began shooting at Anderson and Watson. Watson returned fire and ran out of the back of the house. During the incident, Watson was shot in his back and right arm, and Townsend was shot in his leg. Anderson was shot in the forehead and on the side of his head, and died two days later as a result of the wounds.

■ A jury convicted Townsend of murder, attempted murder, and battery. The trial court entered judgment on all three counts, merged the convictions of battery and attempted murder, and, finding no aggravating or mitigating circumstances, sentenced Townsend to the advisory[2] sentences of fifty-five years for murder and thirty years for attempted murder. The trial court ordered that the sentences be served consecutively because of the number of victims and the violent nature of the crimes. Townsend now appeals his sentences.

## Discussion and Decision

### I. Mitigating Circumstances

Townsend first argues that the trial court improperly declined to find his criminal history to be a mitigating circumstance. Townsend's criminal history consists of no true findings as a juvenile, no felony convictions, and a single misdemeanor conviction for reckless driving in

2. Our legislature amended our sentencing statutes to replace "presumptive" sentences with "advisory" sentences, effective April 25, 2005. *Weaver v. State*, 845 N.E.2d 1066, 1070 (Ind.Ct.App.2006), *trans. denied*. Townsend committed the criminal offenses before this statute took effect, but was sentenced after. Under these circumstances, there is a split on this court as to whether the advisory or presumptive sentencing scheme applies. *Compare Settle v. State*, 709 N.E.2d 34, 35 (Ind.Ct.App.1999) (sentencing statute in effect at the time of the offense, rather than at the time of conviction or sentencing, controls) *with Samaniego–Hernandez v. State*, 839 N.E.2d 798, 805 (Ind.Ct.App.2005) (concluding that change from presumptive sentences to advisory sentences is procedural rather than substantive and therefore application of advisory sentencing scheme is proper when defendant is sentenced after effective date of amendment even though offense was committed before). Our supreme court has not explicitly ruled which sentencing scheme applies in these situations, but a recent decision seems to indicate that the date of sentencing is the critical date. In *Prickett v. State*, 856 N.E.2d 1203 (Ind.2006), the defendant committed the crimes and was sentenced prior to the amendment date. In a footnote, our supreme court

states that "[w]e apply the version of the statute in effect at the time of Prickett's *sentence* and thus refer to his 'presumptive' sentence, rather than an 'advisory' sentence." *Id.* at 1207 n. 3 (emphasis added).

Although our supreme court has not yet interpreted the amended statute, its plain language seems to indicate that "a sentencing court is under no obligation to find, consider, or weigh either aggravating or mitigating circumstances." *Fuller v. State*, 852 N.E.2d 22, 26 (Ind.Ct.App.2006), *trans. denied*. However, if a trial court does find, identify, and balance aggravating and mitigating factors, it must do so correctly, and we will review the sentencing statement to ensure that the trial court did so. *See* Ind.Code § 35–38–1–3 ("if the court finds aggravating circumstances or mitigating circumstances, [the trial court shall record] a statement of the court's reasons for selecting the sentence that it imposes"). Therefore, because the trial court here identified and weighed aggravating and mitigating circumstances, the analysis and result are the same under both sentencing schemes, and we need not determine the issue of retroactivity herein. *See Primmer v. State*, 857 N.E.2d 11, 16 (Ind.Ct.App.2006), *trans. denied*.

March of 2003. At the sentencing hearing, the trial court stated:

> I decline to find the mitigating circumstances as put forth by the defense. I do not believe them to be appropriate mitigators in this case. And I would note that one of the—perhaps the most significant aggravating factor that Courts must consider, that being criminal history[,] is not present in this case. Mr. Townsend has no criminal history, except for a misdemeanor conviction which is of no consequence in considering sentencing in a case like this. So the Court finds no aggravating factors either.

Tr. at 756.

### A. Standard of Review

 Whether to find a mitigating circumstance lies within the discretion of the trial court, and we will not reverse unless we find that the trial court has abused its discretion. *Moore v. State*, 827 N.E.2d 631, 642 (Ind.Ct.App.2005), *trans. denied.* We will conclude that the trial court abused its discretion if the defendant shows that the trial court ignored a mitigating circumstance that is "both significant and clearly supported by the record." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind.1999). We will not remand for reconsideration of alleged mitigating factors that have debatable nature, weight, and significance. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind.Ct.App.2003), *trans. denied.* However, when the trial court fails to identify a significant mitigating factor clearly supported by the record, we are left with the reasonable belief that the trial court improperly overlooked and failed to consider that mitigating circumstance. *Id.*

### B. Townsend's Criminal History

 Although a lack of criminal history may be considered a mitigating circumstance, *see* Ind.Code § 35–38–1–7.1(b)(6), "[t]rial courts are not required to give significant weight to a defendant's lack of criminal history," especially "when a defendant's record, while felony-free, is blemished." *Stout v. State*, 834 N.E.2d 707, 712 (Ind.Ct.App.2005), *trans. denied.* In this case, Townsend has no felony convictions, but has a misdemeanor conviction for reckless driving from March of 2003. "In the non-capital context, a single conviction or juvenile adjudication may negate this mitigating circumstance [of lack of criminal history]." *Warlick v. State*, 722 N.E.2d 809, 813 (Ind.2000). Although Townsend's relatively minor and unrelated criminal history would not constitute an aggravating circumstance sufficient to enhance a sentence, the trial court was not required to attach mitigating weight to his criminal history. *See Robinson v. State*, 775 N.E.2d 316, 321 (Ind.2002) (trial court properly attached no mitigating weight to defendant's criminal history consisting of one misdemeanor, possession of marijuana, and several traffic infractions). We also note that the record indicates that the trial court considered and discussed Townsend's criminal history in making its sentencing decision. Therefore, this situation is not one in which the trial court was not aware of Townsend's criminal history. We conclude that the trial court did not abuse its discretion in declining to find Townsend's criminal history to be a mitigating circumstance.

### II. Consecutive Sentencing

### A. Standard of Review

 The decision of whether to order consecutive sentences is within the discretion of the trial court. *Hayden v. State*, 830 N.E.2d 923, 928 (Ind.Ct.App. 2005), *trans. denied.* We will not reverse a trial court's decision to impose consecu-

tive sentences unless we conclude that it abused its discretion. *Id.* In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. *Marcum v. State*, 725 N.E.2d 852, 864 (Ind.2000).

## B. Imposition of Consecutive Sentences Based On Multiple Victims

 Townsend argues that because the trial court did not identify any aggravating circumstances, the imposition of consecutive sentences was improper. We agree with Townsend that when the sentencing order does not set forth the basis for the imposition of consecutive sentences, reversal is a proper remedy. *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind.2001). However, the sentencing order in this case clearly indicates that the trial court ordered Townsend to serve his sentences consecutively because of the number of victims. The trial court stated that "[t]he sentence[s] of imprisonment [are] to [be] served consecutively to each other ... for the reason that both counts are violent offenses committed on separate victims by means of a handgun, a deadly weapon." Appellant's Appendix at 87.

 "In cases involving multiple killings, the imposition of consecutive sentences is appropriate." *Perry v. State*, 845 N.E.2d 1093, 1097 (Ind.Ct.App.2006), *trans. denied* (quoting *Scruggs v. State*, 737 N.E.2d 385, 387 (Ind.2000)). Consecutive sentences are appropriate because they "seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person." *Id.* (quoting *Serino v. State*, 798 N.E.2d 852, 857 (Ind.2003)). Although the trial court found no aggravating factors for the purposes of enhancing Townsend's sentences, the trial court's sentencing statement clearly indicates that the trial court found the multiple victims to be an aggra-

vating circumstance for the purposes of ordering the sentences to run consecutively. *See French v. State*, 839 N.E.2d 196, 197 (Ind.Ct.App.2005), *trans. denied* (concluding the trial court found an aggravating circumstance sufficient to justify consecutive sentences because of trial court's statement that "I look at each of the victims in this case, each of the charged victims and each of the incidents as separate criminal acts and deserving of separate punishment"). While the better practice may be to explicitly label the presence of multiple victims as an aggravating circumstance for the purposes of consecutive sentencing, we are convinced that in this case the trial court actually found the multiple victims to be an aggravating circumstance, and that it based its imposition of consecutive sentences upon this circumstance. We conclude that the trial court did not abuse its discretion in ordering Townsend's sentences to run consecutively.

 We also note that even if we conclude that the trial court failed to identify the multiple victims as an aggravating circumstance, we could use our powers to review and revise sentences, and still conclude that consecutive sentences are appropriate. In a situation in which the trial court failed to adequately explain its basis for consecutive sentencing, our supreme court exercised this power and found that consecutive sentences were proper based on "the fact of two extremely violent murders, each separately committed." *Sanquenetti v. State*, 727 N.E.2d 437, 443 (Ind. 2000). As the trial court properly found that no mitigating circumstances exist in this case, the fact of multiple victims clearly warrants the imposition of consecutive sentences.

## Conclusion

We hold that the trial court did not abuse its discretion in declining to find

Townsend's minimal criminal history to be a mitigating circumstance and that it properly ordered that Townsend's sentences for murder and attempted murder run consecutively. We reverse Townsend's conviction for battery, and remand with instructions that the trial court vacate that conviction.

Affirmed in part, reversed in part, and remanded with instructions.

BARNES, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I fully concur but in doing so write separately to set forth a view with regard to the Supreme Court's footnote statement in *Prickett v. State*, 856 N.E.2d 1203, 1207 n. 3 (Ind.2006), that "[w]e apply the version of the statute in effect at the time of Prickett's sentence. . . ." I do not agree that such statement dictates a conclusion that in all cases the sentencing date is the critical date. I would note that the majority opinion does not so conclude but only says that the Supreme Court statement "seems to indicate" such. Slip op. at 3 n. 2.

At the outset, it may be worthy of note that as stated in *Ewing v. State*, 171 Ind. App. 593, 358 N.E.2d 204, 206 (1976); "footnotes are comments upon the text rather than a part of it." Depending upon the facts, such comments may be considered as dictum as opposed to a holding of the decision. *Id.* To this extent, one might deduce that as stated in *Jones v. State*, 807 N.E.2d 58, 67 (Ind.Ct.App.2004), "Our supreme court does not decide important questions of law in footnotes."

Be that as it may, the *Ewing* court appropriately observed that such footnote comments as are indicative of an intent to benefit the bench and bar are deserving of "respect from an intermediate court and require[ ] special consideration." 358 N.E.2d at 206.

In *Prickett*, I do not construe the footnote statement as an all-inclusive holding. In that case, the law in place at all pertinent times, including the date of sentencing, was the pre-April 25, 2005 law. Therefore, it was a foregone conclusion that our Supreme Court would use the old sentencing scheme in assessing Prickett's sentence. To the same effect is *Reyes v. State*, 848 N.E.2d 1081 (Ind.2006), cited in the *Prickett* footnote.

More importantly, in *Prickett*, the Court relied upon *Weaver v. State*, 845 N.E.2d 1066 (Ind.Ct.App.2006), *trans denied.* In this light, therefore, I am unable to discern an intent on the part of the Supreme Court to repudiate the rationale underlying the *Weaver* decision. To the contrary, I believe that because *Prickett* pin-point cites to 845 N.E.2d at 1070–1072 it is to be construed as an approval of the *Weaver* rationale as set forth on those pages. That rationale is that any sentence imposed after April 25, 2005 must be viewed under the pre-existing sentencing scheme if the offense for which the sentence is being imposed was committed prior to April 25, 2005. To do otherwise would be to "violate the constitutional protections against *ex post facto* laws." 845 N.E.2d at 1070.