**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY L. SANDERS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1304-CR-208 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael Rader, Judge
Cause No. 84D05-1205-FA-1577

**January 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Timothy L. Sanders appeals his thirty-year advisory sentence for class A felony Child Molesting.[1] Sanders presents the following restated issues for our review:

1. Did the trial court abuse its sentencing discretion by overlooking significant mitigating factors?

2. Is Sanders's sentence inappropriate in light of the nature of the offense and his character?

We affirm.

In April 2012, then eighteen-year-old Brandon Bennett met then twelve-year-old A.S. on Facebook. Bennett and A.S. made plans to meet in Vigo County on April 29, 2012. A.S. told Bennett she had been expelled from school and needed a place to stay because she was afraid of her father. Bennett took A.S. to his father's house, where Sanders, Bennett's twenty-four-year-old uncle, also resided. Although A.S. told Sanders and Bennett she was thirteen years old, Sanders and Bennett told Bennett's father she was seventeen in order to convince him to allow her to stay with them. A.S.'s parents reported her missing that same day, and A.S. spent four days with Bennett and Sanders before police discovered her whereabouts. During that time, Sanders performed oral sex on A.S. and Bennett had sexual intercourse with her. The Terre Haute City Police Department located A.S. at the residence on May 3, 2012. After police spoke with Bennett and obtained a statement from A.S., Sanders was taken into custody. Sanders admitted to performing oral sex on A.S. and stated that he believed her to be thirteen years old. Additionally, although Sanders denied doing so, Bennett stated that Sanders provided him and A.S. with beer and marijuana, and A.S. stated

---

[1] Ind. Code Ann. § 35-42-4-3 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.)

that Sanders had provided her with cocaine. Sanders admitted to snorting crushed hydrocodone in A.S.'s presence.

As a result of these events, the State charged Sanders with class A felony child molesting and class A misdemeanor contributing to the delinquency of a minor. Sanders subsequently entered into a plea agreement pursuant to which he pleaded guilty to class A felony child molesting. In exchange, his executed sentence was capped at thirty years and the contributing to the delinquency of a minor charge was dismissed. The trial court accepted the plea agreement and subsequently sentenced Sanders to a term of thirty years executed in the Department of Correction. Sanders now appeals.

1.

Sanders first argues that the trial court abused its sentencing discretion by overlooking significant mitigating circumstances. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a

sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482. Sanders argues that the trial court abused its discretion in failing to identify three allegedly significant mitigating factors: (1) his mental illness; (2) his cooperation with the police; and (3) his limited criminal history. Sanders also argues that the trial court abused its discretion by finding his limited criminal history to be an aggravating circumstance.

An allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Felder v. State*, 870 N.E.2d 554 (Ind. Ct. App. 2007). A trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Rogers v. State*, 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied.*

Considering Sanders's mental health, we note that "in order for a mental history to provide a basis for establishing a mitigating factor, there must be a nexus between the defendant's mental health and the crime in question." *Corralez v. State*, 815 N.E.2d 1023, 1026 (Ind. Ct. App. 2004). The pre-sentence investigation report (PSI) indicates that Sanders suffered from ADHD, Oppositional Defiant Disorder, Emotional Handicap, and Major Depression Disorder as a child. There was not, however, any evidence presented concerning

4

the current state of his mental health, much less any evidence suggesting a nexus between his alleged mental illness and the instant offense. Counsel's speculation on this point is insufficient to establish that this purported mitigating circumstance was significant and clearly supported by the record.

Considering Sanders's cooperation with police, we note that the trial court did, in fact, identify Sanders's cooperation with police as a mitigating factor in its oral sentencing statement. Specifically, the trial court stated in relevant part:

> Well, in deciding on a sentence, the Court would notice or take note that even the State admits apparently that there aren't aggravators here. You are arguing for the advisory sentence not an enhanced sentence. And with respect, although you make a strong case for an advisory sentence. On the other hand, the Defendant did plead guilty and apparently voluntarily presented himself to law enforcement and admitted to the crime so I guess the question is what is proportional . . . .

*Transcript Volume 8* at 24. Although Sanders's cooperation with police was not listed as a mitigating factor in the subsequently-issued written sentencing order, we are not limited to considering only the written order. *See Heyen v. State*, 936 N.E.2d 294, 304 (Ind. Ct. App. 2010) (noting that "[w]e may review both oral and written statements in order to identify the findings of the trial court"), *trans. denied*. Accordingly, we cannot say that the trial court failed to identify Sanders's cooperation with police as a significant mitigating factor. Moreover, even if the trial court had abused its discretion by declining to identify Sanders's cooperation with police as a mitigating factor, remand for resentencing would not be necessary because, as we explain below, we do not find Sanders's sentence to be inappropriate under Ind. Appellate Rule 7(B). *See Mendoza v. State*, 869 N.E.2d 546, 556

5

(Ind. Ct. App. 2007) (noting that "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*.

As for Sanders's criminal history, we note that while a lack of criminal history may be considered a mitigating circumstance, trial courts are not required to give significant mitigating weight to a defendant's lack of criminal history, particularly "'when a defendant's record, while felony-free, is blemished.'" *Townsend v. State*, 860 N.E.2d 1268, 1272 (Ind. Ct. App. 2007) (quoting *Stout v. State*, 834 N.E.2d 707, 712 (Ind. Ct. App. 2005), *trans. denied*), *trans. denied*. While Sanders has no previous felony convictions, by his own admission, he has had contact with the juvenile justice system in Marion County. Sanders admitted to the Probation Department that he had been in juvenile court for hitting a teacher and spent time in juvenile detention for burglary. Additionally, Sanders was convicted in 2006 of operating a vehicle without ever receiving a license. Moreover, Sanders admitted that he was a regular user of crack cocaine until the age of eighteen, and thereafter continued to abuse marijuana and prescription drugs. *See Conley v. State*, 972 N.E.2d 864, 874 (Ind. 2012) (noting that lack of prior criminal convictions may be offset by "actual criminal behavior" of drug use). This evidence hardly suggests that Sanders led a law-abiding life prior to committing the instant offense. For these reasons, we cannot say that the trial court abused its discretion in declining to find his limited criminal history to be a significant mitigating circumstance. We need not address Sanders's argument that the trial court abused its discretion by finding his criminal history to be an aggravating circumstance in its written

6

sentencing statement because even if the trial court erred in this regard, we do not find Sanders's sentence to be inappropriate. *See Mendoza v. State*, 869 N.E.2d 546.

2.

Sanders also argues that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to App. R. 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S. Ct. 414 (2010). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each

case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Sanders was convicted of class A felony child molesting, for which the sentencing range is twenty to fifty years, with an advisory sentence of thirty years. *See* Ind. Code Ann. § 35-50-2-4 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.). Sanders received the thirty-year advisory sentence. "Since the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*.

Considering the nature of the offense, we note that twenty-four-year-old Sanders performed oral sex on twelve-year-old A.S. Although Sanders believed A.S. to be one year older, his actions would still have amounted to class A felony child molesting even if A.S. had been thirteen. *See* I.C. § 35-42-4-3 (providing, in relevant part, that a person over twenty-one years of age who performs or submits to deviate sexual conduct with a child under fourteen commits class A felony child molesting). Although Sanders argues that his offense did not involve force, we note that Sanders took advantage of a particularly vulnerable child; the record indicates that A.S. had run away from home after being expelled from school because she was afraid of her father. Additionally, although Sanders did not

8

seek A.S. out online, he aided her in hiding after she ran away from home by lying to Bennett's father about A.S.'s age. Moreover, although Sanders denied doing so, Bennett stated that Sanders provided him and A.S. with beer and marijuana, and A.S. stated that Sanders had provided her with cocaine. Sanders admitted to snorting crushed hydrocodone in A.S.'s presence. Finally, we note that Sanders's crime has had a long-lasting impact on A.S.; A.S.'s family provided statements indicating that A.S. suffers from nightmares and still cries about her ordeal.

Considering the character of the offender, we note that Sanders's criminal history was minimal, though not unblemished, and that he was cooperative with police and confessed to his crime. We also note that Sanders pleaded guilty. But contrary to Sanders's assertions on appeal, he received a significant benefit for doing so. The plea agreement capped his executed sentence at the thirty-year advisory sentence, and the State dismissed the contributing to the delinquency of a minor charge.[2] Moreover, Sanders had already confessed to the crime, making his decision to plead guilty a largely pragmatic one. *See Anglemyer v. State*, 875 N.E.2d 218 (noting that a guilty plea is not a significant mitigator if the defendant has received a substantial benefit from the plea or where the evidence is such that the decision is a pragmatic one).

---

[2] Sanders claims that an above-advisory sentence was not a possibility in this case because the trial court identified no aggravating factors at the sentencing hearing. Sanders acknowledges, however, that the trial court identified his criminal history to be an aggravating circumstance in its written sentencing statement. In any event, we note that at the time Sanders entered into the guilty plea, he was unaware of what aggravating and mitigating factors the trial court would identify. The plea agreement provided a substantial benefit by guaranteeing that his executed sentence would not exceed thirty years, regardless of the trial court's findings with respect to aggravators and mitigators.

We also acknowledge that according to the PSI, Sanders's two-year-old son was living with him at the time of the offense, but that Sanders admitted to rampant drug and alcohol abuse during that time. Additionally, we acknowledge that Sanders expressed remorse at his sentencing hearing. We note further, however, that Sanders's expression of remorse was accompanied by excuses and rationalizations. Sanders stated that he was "very sorry," but stated that he "was under the influence at the time and . . . was led to believe that she was a different age." *Transcript Volume 8* at 7. With respect to A.S.'s age, we again note that Sanders's actions would still be class A felony child molesting even if A.S. had been thirteen, as Sanders claimed to believe. With respect to Sanders's substance abuse, we note that Sanders stated in his PSI that he had been abusing prescription drugs, marijuana, and alcohol. Although Sanders claimed that he wanted help with his substance abuse problem at his sentencing hearing, when the officer preparing his PSI asked him about submitting to substance abuse treatment, he responded that "his three months of incarceration [were] enough of a reality check to keep him from using again." *Appellant's Appendix* at 95. The discrepancy between these statements suggests that Sanders is not fully committed to getting treatment and leads us to believe that he has not grasped the gravity of his substance abuse problem. Under these facts and circumstances, we cannot say that Sanders's thirty-year advisory sentence is inappropriate.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.

10