Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2015, 9:57 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS ALLEN BEAVERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1405-CR-165 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR CRIMINAL COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1112-FC-145

**January 22, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Thomas A. Beavers appeals his sentence for Aggravated Battery,[1] a class B felony. On appeal, Beavers argues that the trial court abused its sentencing discretion by overlooking significant mitigating factors.

We affirm.

On December 6, 2011, Beavers attended a juvenile court hearing with his then girlfriend, Jessica Zartuche.[2] The hearing was in regard to Zartuche's two children from her previous relationship with Larry Keller, Jr., who was also present at the hearing. After the hearing, Keller encountered Zartuche and Beavers in a liquor store parking lot. While Beavers and Zartuche sat in Beavers's truck, Keller got out of his vehicle and approached the truck. According to Zartuche, Keller yelled, banged on the car windows, and tried to open Zartuche's car door. Keller then walked back toward his vehicle, and Beavers pulled out of his parking spot to drive away. Before leaving, however, Beavers shot Keller twice in the torso, firing through the open passenger-side window of the truck. Keller survived the shooting, although he was seriously injured.

As a result of these events, the State charged Beavers with class A felony attempted murder, class B felony aggravated battery, two counts of class C felony battery, and class A misdemeanor possession of a handgun without a license. On February 14, 2014, Beavers entered into a plea agreement with the State, whereby

---

[1] Ind. Code Ann. § 35-42-2-1.5 (West, Westlaw 2013). Effective July 1, 2014, this offense has been reclassified as a Level 3 felony. *See* Ind. Code Ann. § 35-42-2-1.5 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). Because this offense was committed prior to that date, it retains the former classification.

[2] Zartuche and Beavers were married a few days after this incident.

Beavers pleaded guilty to class B felony aggravated battery. In exchange, the State agreed to dismiss the remaining charges, and the parties agreed that Beavers's sentence would be capped at fifteen years. Beavers ultimately received a fifteen-year sentence, with eight years executed in the Department of Correction, two years in community corrections, and five years on probation. Beavers now appeals.

Beavers argues that the trial court abused its sentencing discretion by overlooking significant mitigating circumstances. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482. If the trial court abuses its discretion in one of these or another way, remand for resentencing is the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

3

Beavers argues that the trial court abused its discretion in failing to identify five allegedly significant mitigating factors: (1) his lack of criminal history; (2) that his incarceration would impose a significant hardship on his family; (3) his guilty plea; (4) his expression of remorse; and (5) that the victim induced the crime. An allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482. A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Felder v. State*, 870 N.E.2d 554 (Ind. Ct. App. 2007). A trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Rogers v. State*, 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied*.

With respect to Beavers's criminal history, we note that while a lack of criminal history may be considered a mitigating circumstance, trial courts are not required to give significant mitigating weight to a defendant's lack of criminal history, particularly "'when a defendant's record, while felony-free, is blemished.'" *Townsend v. State*, 860 N.E.2d 1268, 1272 (Ind. Ct. App. 2007) (quoting *Stout v. State*, 834 N.E.2d 707, 712 (Ind. Ct. App. 2005), *trans. denied*), *trans. denied*. The Pre-Sentence Investigation Report (PSI) reveals that Beavers was arrested in 2006 in Cook County, Illinois for misdemeanor criminal trespass to land. Although it is not entirely clear from the record, it appears that he entered into a pretrial diversion agreement. As a result, he participated in six months of supervision. Additionally, as a juvenile, Beavers entered into an

4

informal adjustment for failure to stop after an accident and driving without a license. Under these facts and circumstances, we conclude that the trial court did not abuse its discretion by not finding Beavers's purported lack of criminal history to be a significant mitigating factor. We also note that in 2008, Beavers was arrested for domestic battery, although he was apparently never prosecuted. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005) (holding that although a record of arrest, without more, does not establish that a defendant committed a criminal offense, it may be relevant to the assessment of a defendant's character in that it "may reveal that a defendant has not been deterred even after having been subject to the police authority of the State.").

Next, Beavers argues that the trial court abused its discretion by failing to consider that he had been a "good father" to both his own son and his stepdaughters, and that his extended incarceration would impose a hardship on his dependents. *Appellant's Brief* at 5. As an initial matter, the fact that Beavers shot his stepdaughters' father belies his claim that he has been a good parental figure to them. In any event, Beavers does not develop any argument or direct our attention to any authority supporting his contention that such a consideration is entitled to significant mitigating weight. Moreover, the hardship to a defendant's dependents is not necessarily a significant mitigating factor because incarceration will always be a hardship on dependents. *McElroy v. State,* 865 N.E.2d 584 (Ind. 2007). Many persons convicted of crimes have dependents and, in the absence of special circumstances showing an excessive undue hardship, a trial court does not abuse its discretion by failing to consider it as a mitigating circumstance. *Benefield v.*

5

*State,* 904 N.E.2d 239 (Ind. Ct. App. 2009), *trans. denied.* Beavers has not alleged any such special circumstances in this case.

With respect to Beavers's guilty plea, we note that a guilty plea does not rise to the level of significant mitigation where the defendant receives a substantial benefit in return for the plea. *Anglemyer v. State*, 868 N.E.2d 482. In this case, the State agreed to dismiss multiple charges against Beavers, including a charge of class A felony attempted murder, in exchange for his guilty plea. Under these circumstances, the trial court did not abuse its discretion in declining to find Beavers's guilty plea to be a significant mitigating circumstance.

Considering Beavers's alleged expression of remorse, we note that this court has held that "our review of a trial court's determination of a defendant's remorse is similar to our review of credibility judgments: without evidence of some impermissible consideration by the trial court, we accept its determination." *Hape v. State*, 903 N.E.2d 977, 1002-03 (Ind. Ct. App. 2009), *trans. denied*. Here, the trial court was in no way obligated to accept Beavers's alleged remorse as genuine. Indeed, we have reviewed Beavers's expression of remorse, and we do not find it particularly moving. At his sentencing hearing, Beavers spoke briefly and stated that he had "jump[ed] the gun", but that he was "scared" and "didn't know what else to do", and that he was "sorry" and felt "really really bad." *Sentencing Transcript* at 68-69. The trial court did not abuse its discretion in declining to find Beavers's lukewarm expression of remorse to be a mitigating circumstance.

6

Finally, Beavers argues that the trial court abused its discretion in failing to find as a mitigating circumstance that the victim induced the offense. In support of this argument, Beavers cites Ind. Code Ann. § 35-38-1-7.1 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly), which provides in relevant part that a trial court "may consider" certain factors as mitigating circumstances, including that "[t]he victim of the crime induced or facilitated the offense." As an initial matter, we note that this purportedly mitigating factor was not clearly advanced for consideration at the sentencing hearing. Although Beavers's counsel asserted that Beavers was "fearful" and "put in an environment to be scared", counsel did not expressly assert that Keller had induced the offense or that his behavior should be considered a mitigating circumstance. *Sentencing Transcript* at 63. "If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Hollin v. State*, 877 N.E.2d 462, 465 (Ind. 2007) (quoting *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000)). Because Beavers did not advance this factor for consideration at sentencing, his argument in this regard is waived.

Waiver notwithstanding, we note that I.C. § 35-38-1-7.1 is permissive; that is, it provides that the trial court *may* consider the listed factors. Beavers does not direct our attention to any authority supporting the proposition that failure to do so is an abuse of discretion. Moreover, this factor is not clearly supported by the record. Even if the trial court accepted Zartuche's version of the events, in which she asserted that Keller yelled,

7

banged on the car windows, and tried to open her car door, the evidence also indicates that Beavers did not shoot Keller until after Keller had walked back toward his car, and that by that time, Beavers had pulled forward and was leaving the parking lot. Under these facts and circumstances, the trial court did not abuse its discretion by declining to find as a mitigating circumstance that Keller had induced the offense.

Judgment affirmed.

KIRSCH, J., and CRONE, J., concur.