Rodney S. PERRY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0508–CR–356.

Court of Appeals of Indiana.

April 20, 2006.

Transfer Denied June 27, 2006.

Charles E. Stewart, Jr., Crown Point, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Rodney Perry appeals his seventy-year sentence on two convictions for Class A

felony voluntary manslaughter. We affirm.

### Issues

■ On cross-appeal, which we address first, the State asserts that the trial court erred in granting Perry permission to file a belated appeal. Perry's claim is that his sentence is improper.[1]

### Facts [2]

On January 6, 1997, Perry broke into the house of his estranged wife, Marsheila Perry, after his mother-in-law, Florida Clark, refused to let him in. Marsheila struck Perry with a baseball bat, but Perry then took the bat away. When Clark attempted to make a phone call, Perry struck her in the head with the bat at least four times. He then struck Marsheila in the head with the bat at least five times. Both Clark and Marsheila died. Perry's three children were present when he killed Clark and Marsheila.

---

1. Subsequent to the completion of briefing in this case, this court received a copy of a letter from Perry addressed to his appellate attorney requesting that his brief be amended to include two issues not raised by the attorney. Those issues appear to state a claim that Perry's guilty plea was not knowingly, intelligently, and voluntarily made because (1) his trial counsel failed to pursue an intoxication defense on Perry's behalf before he pled guilty, and (2) the trial court misinformed him as to the total sentence he could face as a result of pleading guilty. Even if Perry's brief included these issues, it is readily apparent that we could not address them in this appeal. The validity of a guilty plea can only be challenged by way of a petition for post-conviction relief, not by direct appeal. *Jones v. State*, 675 N.E.2d 1084, 1089 (Ind.1996). This is a direct appeal following Perry's plea of guilty. By contrast, Perry is permitted on direct appeal to challenge the trial court's exercise of discretion in sentencing him. *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind.1996). That is the only issue we are permitted to address today. *See id.*

2. We direct counsel to Indiana Appellate Rule 50(C), "Table of Contents," which states, "A table of contents shall be prepared for every Appendix. The table of contents shall specifically identify each item contained in the Appendix, including the item's date." Perry's 166–page appendix fails to comply with this rule because the table of contents merely lists "Clerk's Portion," "Guilty Plea Hearing," and "Sentencing Hearing." This fails to meet the specificity requirement of Appellate Rule 50(C) and made it difficult to find relevant portions of the record, such as the charging informations, guilty plea, sentencing order, and other documents. Additionally, the appendix does not include a copy of the presentence report. Although pursuant to Indiana Appellate Rule 49(B) this has not caused waiver of Perry's sentencing claims, the presentence report is a vital document that should be included in the appendix in any appeal that raises sentencing issues. Finally, Perry's appendix does not include the chronological case summary, as required by Indiana Appellate Rule 50(B)(1)(a).

The State charged Perry with two counts of murder. On June 26, 1997, Perry agreed to plead guilty to two counts of Class A felony voluntary manslaughter. The agreement left sentencing entirely to the trial court's discretion. The agreement also stated in part, "The defendant also understands that by pleading guilty he will not have the right to directly appeal the conviction(s) to the Indiana Court of Appeals or the Indiana Supreme Court but may appeal the conviction(s) directly to the trial court by filing a Petition for Post–Conviction Relief (PCR)." App. p. 24. The agreement did not advise Perry that he could directly appeal the sentence imposed by the trial court.

On July 24, 1997, the trial court sentenced Perry to thirty-five years for each voluntary manslaughter conviction, to be served consecutively for a total sentence of seventy years. On July 14, 2000, Perry filed a petition for post-conviction relief ("PCR"), which alleged, inter alia, that the trial court abused its discretion in sentencing him. On May 1, 2001, the trial court granted Perry permission to withdraw his PCR petition without prejudice. It does not appear that Perry ever refiled a PCR petition. However, on February 2, 2005, Perry filed a motion to correct erroneous sentence, which the trial court denied on February 25, 2005. On June 28, 2005, Perry filed a verified petition for leave to file a belated notice of appeal, which the trial court granted the same day. Perry has now perfected this appeal.

### Analysis

#### I. Cross–Appeal—Belated Appeal

We first address the State's claim that the trial court should not have granted Perry permission to file a belated notice of appeal. Indiana Post–Conviction Rule 2(1) provides in part:

Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:

(a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Where, as here, a trial court does not conduct a hearing on a petition for permission to file a belated notice of appeal, we review a trial court's decision regarding the petition de novo. *Baysinger v. State,* 835 N.E.2d 223, 224 (Ind.Ct.App.2005). Factors to consider in deciding whether a defendant was without fault in the delay of filing the notice of appeal include the defendant's level of awareness of his or her procedural remedy, age, education, familiarity with the legal system, whether he or she was informed of his or her appellate rights, and whether he or she committed an act or omission that contributed to the delay. *Id.*

In *Collins v. State,* 817 N.E.2d 230, 233 (Ind.2004), our supreme court clarified that a defendant who has pled guilty under an "open" plea must challenge a resulting sentence on direct appeal, if at all, and not by way of a petition for post-conviction relief. The court further stated:

The fact that the trial court at a guilty plea hearing does not advise the defendant in an open plea situation that the defendant has the right to appeal the sentence to be imposed does not warrant an exception to the rule that sentencing claims must be raised on direct appeal. This is because Indiana Post–Conviction Rule 2 will generally be available to an individual in this situation. Post–Conviction Rule 2 permits an individual convicted after a trial or guilty plea who

fails to file a timely notice of appeal to petition for permission to file a belated notice of appeal where the failure to file a timely notice of appeal is not the fault of the individual; and the individual is diligent in requesting permission to file a belated notice of appeal.

*Id.* In *Baysinger*, we applied *Collins* to reverse a trial court's denial of permission to file a belated notice of appeal where the defendant had not been informed of his right to directly appeal any sentence imposed following his guilty plea, and where he moved for permission to file a belated notice of appeal a few months after *Collins* was decided. *Baysinger*, 835 N.E.2d at 225–26.

Here, Perry's guilty plea expressly advised that he was waiving any right to directly appeal his convictions by pleading guilty, and it made no mention of the exception for directly appealing his sentence. It also expressly advised that a PCR petition was the only way to challenge a conviction resulting from a guilty plea. The trial court did not separately advise Perry of his right to directly appeal his sentence. Perry did file a PCR petition in 2000, which sought in part to challenge his sentence. We conclude that Perry's failure to file a timely praecipe or notice of appeal was not due to his fault.

Additionally, Perry filed his petition for permission to file a belated notice of appeal approximately seven months after *Collins* was decided. Although this is slightly longer than the time period in *Baysinger*, we still believe it is sufficient evidence of diligence on Perry's part in pursuing an appeal in light of *Collins*'s clarification of the law. The trial court properly granted Perry permission to file a belated notice of appeal.

We should stress that not every motion to file a belated appeal should be automatically granted by trial courts simply because *Collins* has been decided, especially if there is no indication that the defendant had previously made attempts to collaterally attack a sentence imposed following a guilty plea. A defendant seeking to file a belated appeal still must follow the prerequisites of Post–Conviction Rule 2(1) regarding lack of fault and diligence. In this case, we believe that Perry has met the requirements.

## II. Propriety of Sentence

 We now turn to the merits of Perry's appeal.[3] When faced with a non-*Blakely* challenge to an enhanced sentence, we must determine whether the trial court issued a sentencing statement that (1) identified all significant mitigating and aggravating circumstances; (2) stated the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulated the court's evaluation and balancing of the circumstances. *Hope v. State*, 834 N.E.2d 713, 717–18 (Ind.Ct.App.2005). If there was an irregularity in a trial court's sentencing decision, we have the option to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level. *Id.* at 718. Absent an irregularity, we still may exercise our authority under Indiana Appellate Rule 7(B) to revise a sentence that is inappropriate in light of the nature of the offense and the character of the offender. *Id.*

Perry oversimplifies the trial court's sentencing statement when he argues,

---

**3.** Because Perry was sentenced well before the post-*Blakely* amendments to the Indiana sentencing statutes replacing "presumptive" sentences with "advisory" sentences, we analyze Perry's sentence under the previous statutes and the case law interpreting them.

"The trial court failed to identify the significant aggravating and mitigating circumstances and did not balance the aggravators and mitigators." Appellant's Br. p. 6. Rather, the trial court clearly indicated that it considered the following factors as aggravating circumstances: the existence of multiple victims, the fact that the crimes were committed in front of Perry's three children, a criminal history that included a burglary conviction from Florida, and the fact that Perry was on pretrial release for another criminal charge when he committed these offenses. The trial court also stated that the fact Perry was under the influence of drugs and alcohol at the time of the offenses was mitigating. Finally, although the sentencing statement is not precisely worded with respect to the balancing of aggravators and mitigators, the trial court's thought process is patently clear in its sentencing statement, and it is adequate.

We also conclude that Perry's sentence is appropriate in light of the nature of the offense and the character of the offender. First, the commission of a crime in the presence of minor children is a proper aggravating circumstance. *Cloum v. State*, 779 N.E.2d 84, 87 (Ind.Ct.App.2002). This fact, along with Perry's previous burglary conviction and having committed this offense while on pretrial release for another offense, clearly warrants a modest five-year enhancement above the presumptive for each of the voluntary manslaughter convictions.

Second, the fact that Perry killed two separate persons clearly justifies the imposition of consecutive sentences for each voluntary manslaughter conviction. "In cases involving multiple killings, the imposition of consecutive sentences is appropriate." *Scruggs v. State*, 737 N.E.2d 385, 387 (Ind.2000). "[E]nhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person." *Serino v. State*, 798 N.E.2d 852, 857 (Ind.2003). In sum, we conclude that Perry's aggregate seventy-year sentence, representing two consecutive thirty-five-year terms, is appropriate in light of the nature of the offenses and Perry's character.

## Conclusion

The trial court properly granted Perry permission to initiate a belated appeal, but we conclude that his sentence was properly explained and is appropriate. We affirm.

Affirmed.

SHARPNACK, J., and RILEY, J., concur.