# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 22 2015, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT *PRO SE* | ATTORNEY FOR APPELLEE |
| --- | --- |
| Rodney S. Perry, Sr.<br>Michigan City, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Rodney S. Perry, Sr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 22, 2015<br><br>Court of Appeals Case No. 45A04-1409-CR-435<br><br>Appeal from the Lake Superior Court<br>The Honorable Clarence D. Murray, Judge<br>Cause No. 45G02-9701-CF-2 |

**Bradford, Judge.**

## Case Summary

[1] In 1997, Appellant-Defendant Rodney Perry pled guilty to two counts of Class A felony voluntary manslaughter. His convictions and sentence were affirmed

on direct appeal and again following a 2006 petition for post-conviction relief ("PCR"). On August 19, 2014, Perry filed a motion to correct erroneous sentence, which was denied by trial court. Perry appeals the trial court's denial of his motion. We affirm.

# Facts and Procedural History

[2] The underlying facts of this case were summarized as follows in Perry's direct appeal:

> On January 6, 1997, Perry broke into the house of his estranged wife, Marsheila Perry, after his mother-in-law, Florida Clark, refused to let him in. Marsheila struck Perry with a baseball bat, but Perry then took the bat away. When Clark attempted to make a phone call, Perry struck her in the head with the bat at least four times. He then struck Marsheila in the head with the bat at least five times. Both Clark and Marsheila died. Perry's three children were present when he killed Clark and Marsheila.

> The State charged Perry with two counts of murder. On June 26, 1997, Perry agreed to plead guilty to two counts of Class A felony voluntary manslaughter. The agreement left sentencing entirely to the trial court's discretion....

> On July 24, 1997, the trial court sentenced Perry to thirty-five years for each voluntary manslaughter conviction, to be served consecutively for a total sentence of seventy years. On July 14, 2000, Perry filed a petition for post-conviction relief ("PCR"), which alleged, inter alia, that the trial court abused its discretion in sentencing him. On May 1, 2001, the trial court granted Perry permission to withdraw his PCR petition without prejudice. It does not appear that Perry ever refiled a PCR petition. However, on February 2, 2005, Perry filed a motion to correct erroneous sentence, which the trial court denied on February 25, 2005. On June 28, 2005, Perry filed a verified petition for leave to file a belated notice of appeal, which the trial court granted the same day....

*Perry v. State*, 845 N.E.2d 1093, 1094-95 (Ind. Ct. App. 2006).

[3] On direct appeal, Perry argued that the trial court abused its discretion in imposing a seventy-year sentence and that the sentence was inappropriate in light of the nature of the offenses and his character. *Id.* at 1096. We affirmed Perry's sentence. *Id.* at 1097.

[4] On October 20, 2006, Perry filed a PCR petition in which he argued that his trial and appellate counsel rendered ineffective assistance. *Perry v. State*, 904 N.E.2d 302, 306 (Ind. Ct. App. 2009). The PCR court denied Perry's petition and this court affirmed that decision on appeal. *Id.* at 312.

[5] On August 19, 2014, Perry filed a motion to correct erroneous sentence, arguing that the trial court failed to properly consider his guilty plea to be a mitigating factor during sentencing. The trial court denied Perry's motion.

## Discussion and Decision

[6] The basis for a motion to correct an erroneous sentence is Indiana Code section 35-38-1-15, which reads as follows:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004), the Indiana Supreme Court addressed the manner in which a motion to correct an erroneous sentence may be used.

> While the motion to correct sentence is available as an alternate remedy, we have repeatedly cautioned that it is appropriate only when the sentence is erroneous on its face…. [T]he motion to correct sentence could be used to correct errors such as illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision of a statute, but would not be available for claims raising constitutional issues or issues concerning how the trial court weighed factors in imposing sentence.
>
> * * *
>
> When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied…. We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.
>
> * * *
>
> In addition to limiting a motion to correct sentence to errors apparent on the face of the judgment, Indiana case law has long emphasized that the preferred procedure is by way of a petition for post-conviction relief…. As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings.

*Id.* at 786-87 (citations and quotations omitted).

[8]     Perry claims that his sentence was erroneous because the trial court failed to consider his guilty plea as a mitigating factor. This argument fails, for one, because it does not raise a claim that the sentence is facially erroneous. In order to determine the validity of Perry's claim, we would have to look beyond the sentencing order, which is not appropriate on review of a motion to correct an erroneous sentence. *Id.* For that reason, the trial court properly denied Perry's motion.

[9]     Additionally, Perry's motion must be denied based on the doctrine of *res judicata*.

> The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute. [*Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000)]. *Res judicata* mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by that determination in any subsequent appeal involving the same case and relatively similar facts. *Badger v. State*, 754 N.E.2d 930, 935 (Ind. Ct. App. 2001) (citing *State v. Huffman*, 643 N.E.2d 899, 901 (Ind. 1994)).

*Saunders v. State*, 794 N.E.2d 523, 527 (Ind. Ct. App. 2003).

[10]    In his direct appeal, Perry argued that "The trial court failed to identify the significant aggravating and mitigating circumstances and did not balance the aggravators and mitigators." *Perry*, 845 N.E.2d at 1097 (citing Appellant's Br. p. 6). Perry now makes essentially the same argument—that the sentence is erroneous for failure by the trial court to consider his guilty plea as a mitigating factor. Because this argument was raised and ruled on in Perry's direct appeal,

we are bound by that determination and Perry is not permitted to re-litigate the issue.

[11]     The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.