## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



APPELLANT PRO SE

Rodney S. Perry
Michigan City, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rodney S. Perry,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

July 20, 2015

Court of Appeals Case No.
45A04-1501-CR-31

Appeal from the Lake Superior
Court

The Honorable Clarence D. Murray,
Judge

Trial Court Case No.
45G02-9701-CF-2

**Mathias, Judge.**

[1] Rodney Perry ("Perry"), pro se, appeals the trial court's denial of his motion to correct erroneous sentence. Perry raises one issue, which we restate as whether the trial court abused its discretion in denying Perry's motion to correct erroneous sentence. We affirm.

## Facts and Procedural History

[2] The underlying facts of this case were set forth in our earlier opinion in Perry's direct appeal as follows:

> On January 6, 1997, Perry broke into the house of his estranged wife, Marsheila Perry, after his mother-in-law, Florida Clark, refused to let him in. Marsheila struck Perry with a baseball bat, but Perry then took the bat away. When Clark attempted to make a phone call, Perry struck her in the head with the bat at least four times. He then struck Marsheila in the head with the bat at least five times. Both Clark and Marsheila died. Perry's three children were present when he killed Clark and Marsheila.

> The State charged Perry with two counts of murder. On June 26, 1997, Perry agreed to plead guilty to two counts of Class A felony voluntary manslaughter. The agreement left sentencing entirely to the trial court's discretion. The agreement also stated in part, "The defendant also understands that by pleading guilty he will not have the right to directly appeal the conviction(s) to the Indiana Court of Appeals or the Indiana Supreme Court but may appeal the conviction(s) directly to the trial court by filing a Petition for Post–Conviction Relief (PCR)." The agreement did not advise Perry that he could directly appeal the sentence imposed by the trial court.

> On July 24, 1997, the trial court sentenced Perry to thirty-five years for each voluntary manslaughter conviction, to be served consecutively for a total sentence of seventy years.

*Perry v. State*, 845 N.E.2d 1093, 1094-95 (Ind. Ct. App. 2006) (internal citations omitted).

[3] On direct appeal, Perry argued that the trial court abused its discretion in sentencing him and that his sentence was inappropriate in light of the nature of the offenses and the character of the offender. On April 20, 2006, our court

affirmed Perry's sentence. *See id*. On October 20, 2006, Perry filed a petition for post-conviction relief, arguing that he received ineffective assistance of trial and appellate counsel. The post-conviction court denied Perry's petition and our court affirmed. *See Perry v. State*, 904 N.E.2d 302 (Ind. Ct. App. 2009).

[4] Perry filed a pro se motion to correct erroneous sentence on August 19, 2014, which the trial court denied. This court affirmed the trial court in a memorandum decision. *See Perry v. State*, No. 45A04-1409-CR-435, 2015 WL 2448715, slip op. (Ind. Ct. App. May 22, 2015). On December 15, 2015, Perry filed a second pro se motion to correct erroneous sentence, which the trial court denied the same day.

[5] Perry now appeals.

## Discussion and Decision

[6] The issue on appeal is whether the trial court erred by denying Perry's second motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence for an abuse of discretion. *Fry v. State,* 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[7] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-48-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[8] A statutory motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson v. State,* 805 N.E.2d 783, 787 (Ind. 2004). "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State,* 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct sentence. *Id.* Such claims are best addressed on direct appeal or by way of a petition for post-conviction relief. *Robinson,* 805 N.E.2d at 787.

[9] Here, Perry claims that the trial court committed fundamental error in denying his petition to correct erroneous sentence. He argues that his petition presents "undisputable evidence of proof on the face of the record, that Defendant's criminal history which consists entirely of offenses unrelated to the present offenses as aggravating circumstance before sentencing was in fact abuse of discretion" and that the trial court erred in "fail[ing] to examine petition to see whether that appellant raised a new fundamental error issue." Appellant's Br. at 8. He also claims that the trial court erred when it listed as aggravating factors

during sentencing that each killing was a separate incident, involving separate decisions to kill each victim, and that the killings occurred in the presence of children. He further contends that the trial court erred in failing to consider his proffered mitigating factors in sentencing.[1]

[10]    Perry received consecutive thirty-five year sentences for each of his two Class A felony voluntary manslaughter convictions, for an aggregate sentence of seventy years. These sentences fall within range for Class A felonies prescribed by the sentencing statute in effect at the time Perry committed his crimes. *See* Ind. Code § 35-50-2-4 ("A person who commits a Class A felony (for a crime committed before July 1, 2014) shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years.").

[11]    Perry's arguments fall outside the parameters of Indiana Code section 35-38-1-15 because he asks us to look beyond the face of the sentencing order and the applicable statutory authority.[2] To consider Perry's claims, we would need to review the sentencing hearing transcript, the plea agreement, and the presentence investigation report. This would be beyond the scope of appropriate review of a denied motion to correct erroneous sentence. *See Fulkrod,* 855

---

[1] Perry also argues that the trial court erred in denying his motion to correct erroneous sentence without first giving the State thirty days to respond. We disagree. The trial court acted within its discretion when it denied Perry's petition without giving the State thirty days to respond, after it determined that Perry's petition was meritless on its face.

[2] Perry repeatedly argues that his sentence is erroneous "on the face of the *record,*" but the correct standard requires that a sentence be erroneous on the face of the judgment, or sentencing order. *See Fulkrod,* 855 N.E.2d at 1066.

N.E.2d at 1066 ("Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record."). *See also Robinson,* 805 N.E.2d at 786 (motion to correct erroneous sentence is not available for claims concerning how the trial court weighed factors in imposing sentence). Furthermore, the issues Perry raises have already been resolved in his direct appeal, post-conviction proceeding, and post-conviction appeal, and Perry may not re-litigate these issues.

[12] Because the motion to correct erroneous sentence was not the appropriate means to challenge his sentence, we conclude that the trial court properly denied Perry's motion to correct erroneous sentence.

[13] Affirmed.

May, J., and Robb, J., concur.