## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2019, 10:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marlin R. Edwards, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 29, 2019

Court of Appeals Case No.
18A-CR-2713

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause Nos.
02D05-1205-FA-23
02D06-1702-F6-131

**Crone, Judge.**

# Case Summary

Marlin R. Edwards, Jr., appeals the sentence imposed by the trial court following his guilty plea to two counts of level 6 felony failure to register as a sex or violent offender, and the sanction imposed by the trial court upon the revocation of his probation for class B felony attempted criminal deviate conduct. He asserts that the trial court abused its discretion during sentencing and that his aggregate one-and-a-half-year sentence for failure to register is inappropriate in light of the nature of the offenses and his character. He further urges that we evaluate the proportionality of the sanction imposed upon the revocation of his probation pursuant to Article 1, Section 16 of the Indiana Constitution. We find no abuse of discretion, and we conclude that Edwards has not met his burden to demonstrate that his sentence is inappropriate. Moreover, we decline his invitation to evaluate the proportionality of the sanction imposed upon the revocation of probation. Therefore, we affirm his sentence and the sanction.

# Facts and Procedural History

On May 21, 2012, Edwards, while armed with a knife, approached Porshia Smith on the street. He attempted to take her purse, but it fell on the sidewalk as he pushed her behind a nearby house. Holding the knife to Smith, Edwards demanded that she perform oral sex on him and ordered her to pull her pants down. Smith began screaming, and Edwards fled, but he was apprehended and arrested shortly thereafter.

[3] The State charged Edwards with class A felony criminal deviate conduct, class B felony criminal confinement, class B felony attempted robbery, and class B felony attempted criminal deviate conduct under cause number 02D05-1205-FA-23 ("FA-23"). In October 2012, he pled guilty to one count of class B felony attempted criminal deviate conduct in exchange for the dismissal of the three additional felony charges. The trial court sentenced him to a twenty-year term, with ten years executed and ten years suspended, with five years of active adult probation.

[4] Edwards began serving his suspended sentence on probation in December 2016. As a condition of his probation, Edwards was required to report any change of residence and to obtain prior written consent of his probation officer to leave Indiana. He was also required to register as a sex offender within seventy-two hours of being released to probation, and to notify the probation department of any change in his home situation within twenty-four hours. He completed his initial sex offender registration form with the Allen County Sheriff's Department on December 7, 2016, and signed all documents acknowledging that he understood the registration requirements.

[5] On January 3, 2017, Edwards completed a change of address form. One week later, a police officer visited that address and was informed that Edwards had not resided there for five days. On January 19, 2017, a deputy prosecutor visited that address and was told that Edwards had not resided there for two weeks. Consequently, on January 26, 2017, the State charged Edwards with

one count of level 6 felony failure to register as a sex or violent offender under cause number 02D06-1702-F6-131 ("F6-131").

[6] Authorities learned that Edwards had left the jurisdiction to go to Illinois. He neither notified the Allen County sex offender registry of his departure, nor did he register with any sex offender registry in Illinois. Edwards stayed in Illinois until June 2018, when he was finally arrested and brought back to Indiana. On June 19, 2018, the State filed a petition to revoke Edwards's probation in FA-23 alleging that Edwards violated his probation by failing to complete the Allen County Community Control Program, failing to report for supervised probation, and committing the new offense of failure to register as a sex offender. The State also added an additional count of level 6 felony failure to register as a sex or violent offender in F6-131.

[7] During a consolidated hearing on September 10, 2018, Edwards pled guilty to both counts of level 6 felony failure to register in F6-131, and also admitted to violating his probation in FA-23. A sentencing hearing was held on October 16, 2018. In F6-131, the trial court sentenced Edwards to concurrent one-and-a-half-year sentences for the level 6 felonies. As a sanction for the probation violation in FA-23, the trial court ordered Edwards to serve the entirety of his previously suspended ten-year sentence. The sentence in FA-23 was ordered to be served consecutive to the sentences in F6-131. This appeal ensued.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion during sentencing.

Edwards first argues that the trial court abused its discretion during sentencing in F6-131. Specifically, he argues that the court failed to identify or find mitigating factors that were both significant and clearly supported by the record. We disagree.

Sentencing decisions are left to the sound discretion of the trial court. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind. 2002). We will reverse a sentencing decision only if the decision is clearly against the logic and effect of the facts and circumstances before the trial court and all reasonable inferences drawn therefrom. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. A defendant who alleges that the trial court failed to identify a mitigating factor has the burden to establish that the proffered factor is both significant and "clearly supported by the record." *Id*. at 493. "When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating." *Johnson v. State*, 855 N.E.2d 1014, 1016 (Ind. Ct. App. 2006), *trans. denied* (2007). We will not remand for reconsideration of alleged mitigating factors that have debatable nature, weight, and significance. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied* (2004).

[10] Edwards claims that the trial court erred by not finding four potential mitigating factors: (1) his minimal criminal history; (2) his young age; (3) his guilty plea; and (4) his positive behavior. Regarding his first argument, although a trial court may consider a defendant's lack of criminal history to be a mitigating circumstance, the court is under no obligation to give that circumstance significant weight. *Townsend v. State*, 860 N.E.2d 1268, 1272 (Ind. Ct. App. 2007), *trans. denied*. More importantly, while Edwards's criminal history may be limited, he does have a prior, and quite serious, conviction for class B felony attempted criminal deviate conduct. The trial court did not abuse its discretion in declining to find Edwards's minimal, yet serious, criminal history to be a mitigating factor.

[11] We are similarly unpersuaded by Edwards's assertion that his age should have been considered a mitigating factor. We note that "[a]ge is neither a statutory nor a per se mitigating factor." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001). Moreover, the record indicates that Edwards was in his mid-twenties at the time he committed the current offenses, and thus was well past the age that our courts have afforded special consideration. *See, e.g.*, *Bostick v. State*, 804 N.E.2d 218, 225 (Ind. Ct. App. 2004) (holding that trial court did not abuse its discretion in failing to give mitigating weight to the age of twenty-four-year-old defendant). The trial court's failure to consider Edwards's age as a significant mitigating factor was not an abuse of discretion.

[12] As for his guilty plea, it is well settled that a guilty plea "is not necessarily a mitigating factor where the defendant receives a substantial benefit from the

plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied* (2012). The evidence against Edwards was overwhelming, as he not only failed to comply with the sex offender registration requirements when he changed residences in Indiana, but he also then left the state, wholly failing to comply with any registration requirements for more than a year until he was located and arrested in Illinois. We conclude that Edwards's decision to plead guilty was merely pragmatic, and the trial court did not abuse its discretion in not finding his guilty plea to be a mitigating factor.

[13] Edwards also contends that the trial court abused its discretion in failing to consider his "positive" behavior (that he was gainfully employed in Illinois) after his release from incarceration in FA-23 and prior to his arrest in F6-131. Appellant's Br. at 22. Edwards admittedly absconded from Indiana for more than a year in clear violation of his probation in FA-23. All the while, he was committing the current offenses of failing to register as a sex offender. We fail to see how this behavior could be considered positive. In sum, Edwards has not met his burden to establish that the trial court abused its discretion during sentencing in failing to find the asserted potential mitigating factors.

## Section 2 – Edwards has not met his burden to demonstrate that his sentence is inappropriate.

[14] Edwards next claims that the one-and-a-half-year aggregate sentence imposed by the trial court in F6-131 is inappropriate and invites this Court to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a

sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender."[1] The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[15] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a level 6 felony is between six months and two and one-half years, with an

---

[11] Edwards appears to concede that the court's sentencing order upon revocation of his probation in FA-23 is not subject to Indiana Appellate Rule 7(B) review. *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008) ("A trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by [Rule 7(B)].")

advisory sentence of one year. Ind. Code § 35-50-2-7(b). Here, the trial court imposed concurrent sentences slightly above the advisory sentence for Edwards's failure to register offenses.

[16] As for the nature of these offenses, Edwards's failures to register were not simply isolated oversights or occurrences. First, he repeatedly failed to properly update his place of residence in Allen County, and then failed to notify authorities that he had moved to Illinois. He continued to live without registering for more than a year and a half before he was finally arrested. Although Edwards argues that he posed no actual danger to the community, this assertion ignores that the purpose of the registration requirement is to protect the community from potential danger. He has not persuaded us that sentence revision is warranted based on the nature of his offenses.

[17] Edwards fares no better when we consider his character. The character of the offender is found in what we learn of the offender's life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Included in that assessment is a review of an offender's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied* (2016). We need look no further than Edwards's prior conviction for class B felony attempted criminal deviate conduct in FA-23. This was an incredibly violent crime committed against a total stranger, which obviously reflects very poorly on his character. Despite being given the grace of a partially suspended sentence, Edwards exhibited complete disregard for the law when, shortly after his release from incarceration, he violated the terms and conditions of his probation. Under the

circumstances presented, Edwards has not met his burden to demonstrate that the one-and-a-half-year aggregate sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character.

## Section 3 – We decline Edwards's invitation to evaluate the proportionality of the sanction imposed by the trial court upon revocation of his probation.

[18]  Finally, Edwards urges us to evaluate the proportionality of the sanction imposed by the trial court upon the revocation of his probation in FA-23 pursuant to Article 1, Section 16 of the Indiana Constitution, which provides that "all penalties shall be proportioned to the nature of the offense." He claims that imposition of his previously suspended ten-year sentence was unduly harsh and that this sanction "deserves to be evaluated under Indiana's constitutional requirement for proportionality." Appellant's Br. at 25. We cannot agree.

[19]  Edwards cites no legal authority, and we are unaware of any, that would indicate that our constitution requires or would even permit such an analysis in the context of probation revocation. Article 1, Section 16 requires the appellate court to review whether a sentence is not only within statutory parameters, but also constitutional as applied to the particular defendant. *Knapp v. State*, 9 N.E.3d 1274, 1289-90 (Ind. 2014), *cert. denied* (2015). However, Section 16 is violated "only when the criminal penalty is not graduated and proportioned to the nature of the offense." *Id*. While the imposition of an initial sentence is clearly a criminal penalty, it is well understood that probation revocation is a civil proceeding. *Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009),

*trans. denied*.  If the trial court determines that the conditions of probation have been violated, the court has the discretion to impose various sanctions, including ordering execution of all or part of the sentence that was suspended at the time of the initial sentencing.  Ind. Code § 35-38-2-3(h).  In short, the sanction imposed by the trial court during a civil revocation of probation proceeding is not a criminal penalty subject to a proportionality evaluation, and therefore we decline Edwards's invitation.

[20]  Edwards admitted to violating the terms of his probation in FA-23, and he makes no claim that the trial court was without authority to order execution of his previously suspended ten-year sentence as a sanction.  Accordingly, we affirm the court's decision to order Edwards to serve his entire ten-year suspended sentence in FA-23.  We further affirm the one-and-a-half-year aggregate sentence imposed by the trial court in F6-131.

[21]  Affirmed.

Bradford, J., and Tavitas, J., concur.